IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
CIVIL ACTION

| | | | |
|---|---|---|---|
| ELIZABETH KELLY | | : | |
| | Plaintiff | :CASE NO. _____ | |
| v. | | : | |
| | | : | *Jury Trial Demanded* |
| THE HOME DEPOT | | : | |
| and | | : | |
| HOME DEPOT U.S.A., INC. | | : | |
| and | | : | |
| THE HOME DEPOT, INC. | | : | |
| | Defendants | : | **COMPLAINT** |

## <u>COMPLAINT</u>

AND NOW, comes the plaintiff, Elizabeth Kelly, by and through her attorney, Tyler Sacchetta, Esquire, and avers as follows:

1.      Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391(b).

### PARTIES

2.      Plaintiff, Elizabeth Kelly, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2105 Euclid Avenue, Boothwyn, PA 19061.

3.      Defendant, The Home Depot, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with registered office located at 601 Naamans Road, Claymont, DE 19703.

4.      Defendant, Home Depot U.S.A., Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with registered office located at 601 Naamans Road, Claymont, DE 19703.

5.      Defendant, The Home Depot, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with registered office located at 601 Naamans Road, Claymont, DE 19703.

6.      At all times relevant hereto, defendants were in the exclusive possession, management and control of the premises located at 601 Naamans Road, Claymont, DE 19703.

7.      At all times relevant hereto, defendants were responsible for maintenance and control of the premises located at 601 Naamans Road, Claymont, DE 19703.

8.      On or about July 30, 2017, plaintiff, Elizabeth Kelly, was lawfully on the aforesaid premises as a business invitee. At the aforesaid date and location, due to the negligence of defendants, their agents and/or employees, plaintiff was caused to slip and fall, as a result of a dangerous and defective condition on Defendants premises, i.e. foreign liquid substance/water caused to be and/or allowed to remain on the floor by defendants causing an unreasonably dangerous condition to exist.

9.      As a result of defendants' negligence, plaintiff sustained severe personal injuries and other damages as more fully set forth below.

## FIRST CAUSE OF ACTION
### NEGLIGENCE CLAIM OF ELIZABETH KELLY

10.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as

though fully set forth at length.

11.     The accident was caused exclusively and solely by the defendant's negligence, in that:

(a)     Defendants caused or permitted dangerous conditions to exist;

(b)     Defendants failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by the lumber display;

(c)     Defendants failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to the plaintiff;

(d)     Defendants failed to remove liquid substance from the floor;

(e)     Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff and other similarly invited patrons;

(f)     Defendants failed to enact, maintain and enforce policies and procedures directed at avoiding spills such as the one at issue;

(g)     Defendants failed to train or adequately train and supervise their employees;

(h)     Defendants violated local and state ordinances pertaining to maintenance of retail establishments; and

(i)     Defendants were otherwise negligent under the circumstances.

12.     At all relevant times hereto, defendants acted through their employees, servants and agents.

13.     Defendants, through its employees, servants and agents either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that

defendants in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

14. Defendants were in a better position and more likely to know about and discover this unreasonably dangerous condition with the exercise of due care then plaintiff.

15. Plaintiff's injuries were caused solely by the negligence of defendants, their agents, and/or employees, who failed to use reasonable care to protect plaintiff and her injuries were in no way caused by plaintiff.

16. Solely as a result of the negligence of defendants, plaintiff, Elizabeth Kelly, was caused to suffer various physical injuries, including, but not limited to, right hip injuries, left ankle injuries and back injuries.

17. As a direct result of the aforesaid injury, plaintiff suffered severe shock to her nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

18. As a result of her injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

19. Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

20. As a result of her injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

21. As a result of her injuries, plaintiff may have suffered a permanent disability and a permanent impairment of her earning power and capacity.

22. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that he may be prevented from so doing in the future,

as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff, Elizabeth Kelly, demands judgment against defendants in an amount in excess of $75,000.00 plus interest and costs.

SACCHETTA & BALDINO

By:     /s/Tyler Sacchetta
        TYLER SACCHETTA, ESQUIRE
        Attorney I.D. No. 6514
        SACCHETTA & BALDINO
        1201 N. Orange Street, Suite 7543
        Wilmington, DE 19801-1186
        (302) 884-6715
        Attorney for Plaintiff